DANIEL G. BOGDEN
United States Attorney
ANDREW W. DUNCAN
JIAMIN CHEN
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>LYCUR, LLC,<br><br>          Defendant. | 2:14-CR-194-RFB-NJK<br><br>PLEA AGREEMENT UNDER<br>FED. R. CRIM. P. 11 (c)(1)(A) and (B) |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, Andrew W. Duncan, Assistant United States Attorney, and the Defendant LYCUR, LLC, and the Defendant's attorney, John Kinchen, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.    SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and defendant corporation LYCUR, LLC (the Defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or

administrative remedies directly or indirectly against the Defendant corporation.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The corporate Defendant knowingly and voluntarily agrees to plead guilty to a Criminal Information, charging the defendant corporation with:

1. <u>Count One</u>: *Transmission of Gambling Information,* in violation of Title 18, United States Code, Section 1084.

In addition, the Defendant also agrees to the forfeiture of the property set forth in this Plea Agreement and the Forfeiture Allegation of the Superseding Criminal Information, that is $4,223,990 in United States Currency, which represents the total combined forfeiture amount of all five defendants.

B. <u>Waiver of Trial Rights</u>. Defendant corporation acknowledges that it has been advised and understands that by entering a plea of guilty it is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant corporation is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant corporation and the United States both agree;

2. The right to confront the witnesses against the Defendant corporation at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that Defendant corporation's silence could not be used against it in any way;

4. The right to testify in Defendant corporation's own defense at such a trial if Defendant corporation so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the Defendant corporation's behalf; and

      6.      The right to have the assistance of an attorney at all stages of such proceedings.

    C.    <u>Withdrawal of Guilty Plea</u>. Defendant corporation will not seek to withdraw defendant corporation's guilty plea after it has been entered in court.

    D.    <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the Defendant corporation arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III.    ELEMENTS OF THE OFFENSES

<u>Count One</u>: The essential elements of the crime of *Transmission of Gambling Information*, in violation of Title 18, United States Code, Section 1084, are:

    1. Lycur, LLC, was engaged in the business of betting or wagering on a sporting event;

    2. That Lycur, LLC, participated in a telephone call or other wire communications in which information assisting in the placing of bets was transmitted; and

    3. That the telephone call or other wire communications in question were made across state lines or from the United Sates to a foreign country.

*See* 2 Fed. Jury Prac. & Instr. § 22:03 (6th ed.).

## IV.    FACTS SUPPORTING GUILTY PLEA

    A.    Defendant corporation will plead guilty because it is, in fact and under the law, guilty of the crime charged.

    B.    Defendant corporation acknowledges that if Defendant corporation elected to go to trial instead of pleading guilty, the United States could prove Defendant corporation's guilt beyond a reasonable doubt and establish its right to forfeit the items listed in the forfeiture allegations of the

criminal information and as alleged in the plea agreement herein. Defendant corporation further acknowledges that the corporation's admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. Defendant corporation waives any potential future claim that the facts admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. Defendant corporation admits and declares under penalty of perjury that the facts set forth below are true and correct:

At all times relevant to the superseding information, Lycur, LLC, was a limited liability corporation. Glen Cobb is listed as the owner/representative of Lycur, LLC. Beginning on a date unknown, but not later than on or about March of 2011, and continuing through December of 2013, in the state and federal district of Nevada, and elsewhere, a representative of the Defendant corporation, who were engaged in the business of betting and wagering, did knowingly use a wire communication facility for the transmission in interstate and foreign commerce, for the purpose of: (1) placing bets and wagers; (2) providing information to assist with the placing of bets and wagers; (3) communicating with others known and unknown to receive money and credit as a result of a placing bets and wagers; and (4) providing information to assist in the placing of bets and wagers utilizing the off shore illegal sports betting website betgrande.com, all in violation of Title 18, United States Code, Section 1084(a):

(a) On or about March of 2011, and continuing through December of 2013, a representative of Lycur, LLC committed the crime of transmitting gambling information, in violation of 18 U.S.C. § 1084. A representative of the Lycur corporate entity, placed wagers on sporting events using the off-shore sports betting website www.betgrande.com, and generally engaged in the illegal business of betting and wagering on a sporting event. During the time frame

listed above, a representative of the Lycur corporate entity placed well in excess of three million dollars in wagers on sporting events.

(b)     On September 15, 2013, a representative of Lycur placed numerous illegal sports bets on the website www.betgrande.com. Defendant admits that www.betgrande.com is operated in the country of Costa Rica. The bets were made by using a computer located in the state of Nevada. The parties agree that www.betgrande.com does not have computer servers in the state of Nevada; therefore, the transmission of the wagering information took place across state and international lines.

(c)     Defendant Lycur, LLC admits that the proceeds of the violations of 18 U.S.C. § 1084, Transmission of Wagering Information are $4,223,990 in United States Currency.

E.     The defendant admits that the property in Section IX is any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1084, a specified unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7)(A) and Title 18, United States Code, Section 1961(1)(B).

All of the foregoing occurred in the State and Federal District of Nevada. **V.**

**COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant corporation under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant corporation does not plead guilty or withdraws its guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant corporation's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

**VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

    A.    <u>Discretionary Nature of Sentencing Guidelines</u>. The Defendant corporation acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

    B.    <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

        1.    <u>Count One</u>: *Transmission of Gambling Information,* in violation of Title 18, United States Code, Section 1084:

Base Offense Level, USSG § 2E3.1:    12

Enhancements:
    None

Reductions:
    If applicable, a reduction for acceptance of
    Responsibility, USSG § 3E1.1
    (*see subsection C. below*):    -2

Adjusted Offense Level:    <u>10</u>

Defendant corporation's Culpability Score will be determined by the Court (USSG § 8C2.5). Defendant corporation acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

    C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG §3E1.1(a), the United States will recommend that Defendant corporation receive a two-level

downward adjustment for acceptance of responsibility unless Defendant corporation (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when Defendant corporation enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when Defendant corporation enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when Defendant corporation enters the guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding Defendant corporation's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw Defendant corporation's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1, the United States will not move for an additional one-level downward adjustment for acceptance of responsibility because his offense level is less than 16.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant corporation's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant corporation to withdraw the guilty plea.

Defendant corporation acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. Defendant corporation also acknowledges that the Court may rely on this and other

additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for Defendant corporation to withdraw the guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for a Defendant corporation for violating Title 18, United States Code, Section 1084, *Transmission of Gambling Information*, is a fine not more than $500,000. The Court may order that Defendant corporation serve a sentence of probation for a term of at least one year, but not more than five years (USSG §§ 8D1.1 and 8D1.2).

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant corporation's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the sentence.

C. <u>Special Assessment</u>. Defendant corporation will pay a $100.00 special assessment per count of conviction at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The United States will seek a sentence within the applicable sentencing guideline range. The parties stipulate that there is no restitution and recommend that no fine be imposed in view of the stipulated total forfeiture of $4,223,990. The defendant acknowledges that the Court does not have to follow that recommendation. Defendant corporation may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement, and may seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. The United States

reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

IX.  **FORFEITURE**

The defendant knowingly and voluntarily:

A.  Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of $4,223,990 in United States Currency ("property");

B.  Agrees to the abandonment or the civil administrative forfeiture of the property;

C.  Abandons or forfeits the property to the United States;

D.  Relinquishes all right, title, and interest in the property;

E.  Waives its right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

F.  Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

G.  Waives any further notice to it, its agents, or its attorney regarding the abandonment or the forfeiture and disposition of the property;

H.  Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

I.  Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

J.  Waives its right to a jury trial on the forfeiture of the property;

K.  Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or

1  statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual
2  Punishments Clauses of the Eighth Amendment to the United States Constitution;

3      L.    Waives the right to appeal any Order of Forfeiture;

4      M.    Agrees to the entry of an Order of Forfeiture of the property to the United States;

5      N.    Agrees the property is forfeited to the United States;

6      O.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil
7  judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any
8  assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon
9  the defendant in addition to the abandonment or the forfeiture;

10     P.    Acknowledges that the amount of the forfeiture may differ from, and may be
11 significantly greater than or less than, the amount of restitution; and

12     Q.    Agrees to take all steps as requested by the United States to pass clear title of the
13 property to the United States and to testify truthfully in any judicial forfeiture proceedings. The
14 defendant understands and agrees that the property represents proceeds and/or facilitating property
15 of illegal conduct and is forfeitable. The defendant acknowledges that failing to cooperate in full in
16 the forfeiture of the property constitutes a breach of this Plea Agreement.

17     R.    Acknowledges, understands, and agrees that (a) federal law requires the Department
18 of the United States Treasury and other disbursing officials to offset federal payments to collect
19 delinquent tax and non-tax debts owed to the United States and to individual states (including past-
20 due child support); (b) if an offset occurs to the payment to be made pursuant to this Plea
21 Agreement, they will receive a notification from the Department of the United States Treasury at the
22 last address provided by them to the governmental agency or entity to whom the offset payment is
23 made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury
24 Department at 1-800-304-3107; (d) the terms of this Plea Agreement do not affect the tax

obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Richard Wright, Wright, Stanish & Winckler, on behalf of her, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

After the property is forfeited in the criminal case against Glenn Gobb, Charles Cobb, Anna Cobb, Monica Namnard, and Lycur, LLC, and the Final Orders of Forfeiture as to each are entered, within a practicable time thereafter for the United States, the United States agrees to release one payment of $9,049,996.41 in United States Currency less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Richard Wright, Wright, Stanish & Winckler, on behalf of Glenn Gobb, Charles Cobb, Anna Cobb, Monica Namnard, and Lycur, LLC. The defendant knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. The defendant knowingly and voluntarily agrees the $9,049,996.41 in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

X.   **FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant corporation will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning Defendant corporation's assets and its ability to pay. Defendant corporation will surrender assets obtained directly or indirectly as a result of its crimes, and will release funds and property under Defendant corporation's control in order to pay any fine, forfeiture, or restitution ordered by the Court.

XI. **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

A.   <u>Plea Agreement and Decision to Plead Guilty</u>.  Defendant acknowledges that:

(1)   Defendant corporation has read this Plea Agreement and understands its terms and conditions;

(2)   Defendant corporation has had adequate time to discuss this case, the evidence, and this Plea Agreement with its attorney;

(3)   Defendant corporation has discussed the terms of this Plea Agreement with its attorney;

(4)   The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)   Defendant corporation's representatives were not under the influence of any alcohol, drug, or medicine that would impair their ability to understand the Agreement when signing this Plea Agreement.

B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  Defendant corporation knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

Defendant corporation also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to the conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

Defendant corporation reserves only the right to appeal any portion of the sentence that is an

upward departure from the Sentencing Guidelines range determined by the Court.

Defendant corporation acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

## XII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant corporation, the Defendant corporation's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE _____

/s/
ANDREW W. DUNCAN
Assistant United States Attorney

DATE 4·13·15

JOHN KINCHEN
Counsel for LYCUR, LLC

DATE 4/13/15

GLEN COBB
Owner LYCUR LLC